BOARD OF DIRECTORS ST. FRANCIS LEVEE DISTRICT *v.* PERMENTER.

4-4214

Opinion delivered March 30, 1936.

*J. G. Coston, J. T. Coston* and *Mann & Mann,* for appellant.

*Myron T. Nailling* and *Bruce Ivy,* for appellee.

HUMPHREYS, J. This is a suit brought by appellant against appellee in the circuit court of Mississippi County, Osceola District, on June 28, 1934, for the purpose of condemning 14.45 acres of land contiguous to its right-of-way to enable it to strengthen and enlarge its levee, under authority of §§ 3933 to 3942, inclusive, of Crawford & Moses' Digest. There is no question raised as to the legality of the proceeding. A report of the ap-

praisers was filed ascertaining the damage to appellee's property in the sum of $1,306. Appellee filed exceptions to the report, and the issues joined were tried to a jury under correct instructions, resulting in a verdict and consequent judgment in the sum of $4,000, from which is this appeal.

We have carefully read the testimony pro and con upon the issue of damages, and have concluded that the verdict and judgment for $4,000 is sustained by ample substantial evidence. The argument made by appellant is that the witnesses testifying on behalf of appellee did not sufficiently qualify themselves to testify as to the value of the land taken and the damages resulting to appellee's adjoining lands. Practically all the witnesses testifying for appellee were familiar with the character of the lands and improvements thereon, the value of the lands actually taken, and the injury to improvements by destruction of shade trees and shrubs, and the removal of buildings to lower ground, as well as the injury to adjoining lands owned by appellee. They also disclosed a knowledge of market value of lands in the vicinity of the lands affected. We think they sufficiently qualified themselves to give opinions as to damages suffered by appellee. There is nothing in the record that would warrant this court in saying that the damages awarded are excessive.

Appellant makes the contention that the judgment should be reversed because the attorney for appellee, while examining one of the witnesses, made the following statement in the presence of the jury: "They are resting, they are claiming they are resting on an appraisement here; I want to show they paid as high as three times as much as the appraisement." The attorney for appellant objected to the statement. The court excluded the evidence and told the attorney, in the presence of the jury, it was not proper for him to make the statement. This was tantamount to telling the jury not to consider even the offer to make such proof. It occurs frequently in the trial of cases that the attorney offers testimony which he thinks is competent, but which the

court rules is incompetent; but the fact that it is incompetent, if offered in good faith, should not work a reversal of the judgment. If such were the rule, practically all judgments would be reversed, for a case is seldom tried without an attempt or offer to introduce incompetent testimony. The attorney did not make any statement of fact to the jury, but just offered to prove by the witness that the board of directors had paid other property owners three times as much as their appraisers had ascertained the damages to be and based the offer upon the fact that in this case appellant was resting upon the appraisement. Not being a statement of fact by the attorney, but merely an offer to prove the fact, when the court declined to allow him to make the proof and told the jury not to consider the offer to make it, certainly no prejudice resulted in the defense of appellant. The incident passed out of the case upon the ruling and admonition of the court.

No error appearing, the judgment is affirmed.